UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
DOMINICK CAPUANO,

                      Plaintiff,                  **MEMORANDUM & ORDER**
                                                                     20-CV-3468 (MKB)

            v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Dominick Capuano filed a motion seeking payment of attorneys' fees in the amount of $37,400 pursuant to 42 U.S.C. § 406(b). (Pl.'s Mot. for Att'ys' Fees ("Pl.'s Mot."), Docket Entry No. 26; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 27.) The Commissioner of Social Security (the "Commissioner") contends that the Court should determine whether the fee is reasonable, and order Plaintiff's counsel Seelig Law Offices, LLC ("Seelig Law") to return the $8,053.75 in Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, fees they received to Plaintiff. (Comm'r's Resp. to Pl.'s Mot. ("Comm'r's Resp.") 1–2, Docket Entry No. 29.)

For the reasons explained below, the Court grants Plaintiff's motion for attorneys' fees in the amount of $37,400 and orders Seelig Law to return the EAJA fees within fourteen days of the entry of this Memorandum and Order.

    **I.   Background**

On July 15, 2020, Plaintiff retained Seelig Law to represent him in appealing the denial of his application for social security disability insurance benefits in federal district court and any further administrative action necessary (the "Retainer Agreement"). (Retainer Agreement 1,

annexed to Affirmation in Supp. of Pl.'s Mot. ("Seelig Affirmation") as Ex. A, Docket Entry No. 28-1; *see* Pl.'s Mem. 1.)  Pursuant to the Retainer Agreement, Plaintiff agreed that Seelig Law would be entitled to "25% of all retroactive or past due social security disability benefits awarded to [Plaintiff] and any auxiliary beneficiaries . . . in addition to any other approved fees received in connection with work performed at the administrative level."  (Retainer Agreement 1.)

On July 31, 2020, Plaintiff commenced the above-captioned action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner denying his claim for disability insurance benefits.  (Compl. ¶¶ 1, 11, Docket Entry No. 1.)  Plaintiff subsequently moved for judgment on the pleadings, and the Commissioner cross-moved for judgment on the pleadings.  (Pl.'s Mot. for J. on the Pleadings, Docket Entry No. 16; Comm'r's Mot. for J. on the Pleadings, Docket Entry No. 18.)  By Memorandum and Order dated March 30, 2023, the Court granted Plaintiff's motion, denied the Commissioner's cross-motion, vacated the Commissioner's decision, and remanded the action for further administrative proceedings pursuant to 42 U.S.C. § 405(g).  *Capuano v. Saul*, 665 F. Supp. 3d 312, 326 (E.D.N.Y. 2023).  By stipulation dated June 27, 2023, and approved by the Court on June 30, 2023, the parties stipulated to an award of $8,053.75 in attorneys' fees pursuant to the EAJA and $400 in court costs pursuant to 28 U.S.C. § 1920.  (*See* Stipulation & Proposed Order dated June 27, 2023, annexed to Joint Mot. for Att'y's Fees, Docket Entry No. 24-1; Stipulation & Order dated June 30, 2023, Docket Entry No. 25.)

On remand, the Social Security Administration (the "SSA") approved Plaintiff's application for disability insurance benefits, including past-due and ongoing benefits.  (Pl.'s Mem. 2–3.)  On December 24, 2024, the SSA issued three notices of award that established $193,809.75 of the past-due benefits would be paid to Plaintiff and 25% of the past-due benefits,

$64,603.25, would be withheld for payment of fees to representatives that assisted with the claim.[1]  (*See* Notices of Award 4, 8–9, 12–13, annexed to Seelig Affirmation as Ex. B, Docket Entry No. 28-2; Seelig Affirmation ¶ 4; Pl.'s Mem. 2, 7.)  On January 7, 2025, Plaintiff moved for $37,400 in attorneys' fees.  (Pl.'s Mot. 1.)

## II. Discussion

Plaintiff argues that the requested fee is reasonable because (1) the amount is less than the 25% of Plaintiff's past-due benefits that the SSA withheld for court counsel and authorized under section 406(b); (2) the request adequately reflects the "contingent nature of recovery" in social security disability benefits cases generally as well as the "serious risk of loss" to Seelig Law as Plaintiff's "case had already been denied at three levels of agency review prior to the initiation of the civil action"; (3) "Plaintiff recouped substantial benefits in previously denied past-due benefits," the "value" of which "far exceeds the amount of the past-due benefits" when accounting for the ongoing value of benefits Plaintiff will receive for himself and his "minor children"; (4) the attorneys that worked on the case "are experienced and skilled" and the "*de facto* hourly rate of approximately $1,000 in this matter is entirely reasonabl[e] for such experienced attorneys in New York City"; and (5) with the offset of the $8,035.75 EAJA that Seelig Law must return to Plaintiff, "Plaintiff will only pay $29,346.25 for his attorney, paralegal, and staff services for the work performed before this Court."  (Pl.'s Mem. 7–11.)  Plaintiff also argues that the requested fee reasonably accounts for 37.4 hours of Seelig Law's

---

[1]  The past-due benefits payable to Plaintiff includes $128,999.25 for Plaintiff and $32,405.25 for each of Plaintiff's two children.  (*See* Notices of Award 4, 8, 12, annexed to Seelig Affirmation as Ex. B, Docket Entry No. 28-2.)  The 25% withheld for payment of fees to representatives includes $42,999.75 from the past-due benefits for Plaintiff and $10,801.75 withheld from each of the two past-due benefit awards for Plaintiff's children.  (Notices of Award 4, 9, 13.)  Because the Notices of Award are not consecutively paginated, the Court refers to the page numbers assigned by the electronic filing system.

3

"devoted time and careful attention to Plaintiff's case since initially retained" including "reviewing [Plaintiff's] complete file, which included review of numerous medical documents and reports and current Social Security regulations and case law applicable to Plaintiff's case"; "preparing and filing the complaint, proposed summons, civil cover sheet, and redacted exhibits"; "reviewing docketed materials"; "drafting a memorandum of law in support of a motion for judgment on the pleadings and reply"; and "communicating with the United States Attorney's office."  (Pl.'s Mem. 9.)

The Commissioner "neither supports nor opposes [Seelig Law's] request for [attorneys'] fees" and contends that "[i]t is for the Court to decide if the request for [attorneys'] fees . . . is reasonable under" the factors set forth in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022).  (Comm'r's Resp. 1–2.)

The Second Circuit has held that, subject to the 25% limitation, a court may enforce a contingent fee arrangement in a social security disability case unless the court finds it to be otherwise unreasonable.  *Fields*, 24 F.4th at 852–53 ("[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990))).  In determining whether a contingency agreement pursuant to § 406(b) is reasonable, the Second Circuit instructs courts to consider (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Fields*, 24 F.4th at 853 (quoting *Wells*, 907 F.2d at 372); *Eberle v. Comm'r of Soc. Sec.*, No. 20-CV-15, 2025 WL 641231, at *2 (W.D.N.Y. Feb. 26, 2025); *Capers v. Comm'r of Soc. Sec.*, No. 18-CV-4579, 2024 WL 4528924, at *1 (E.D.N.Y.

4

Oct. 18, 2024); *Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218, 2024 WL 3594667, at *1 (E.D.N.Y. July 31, 2024). Courts also consider "the character of the representation and the results the representative achieved" and whether a reduction is appropriate where "the attorney is responsible for delay." *Fields*, 24 F.4th at 853 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)); *Kantrowitz v. Comm'r of Soc. Sec.*, No. 21-CV-642, 2025 WL 845184, at *2 (E.D.N.Y. Mar. 17, 2025); *Finnegan v. Comm'r of Soc. Sec.*, No. 21-CV-2070, 2024 WL 4494088, at *2 (E.D.N.Y. Oct. 15, 2024); *Henrich v. Acting Comm'r of Soc. Sec.*, No. 22-CV-3472, 2024 WL 4043681, at *2 (E.D.N.Y. Sept. 3, 2024). The Second Circuit also has established factors for district courts to consider in determining whether an amount is a windfall, namely: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort taken to achieve that result." *Fields*, 24 F.4th at 854–55.

Seelig Law's request does not exceed 25% of the past-due benefits awarded to Plaintiff. *See* 42 U.S.C. § 406(b)(1)(A) (allowing a successful claimant's attorney to receive upon court approval a fee not to exceed 25% of the total past-due benefits). Plaintiff is seeking considerably less than the $64,603.25 that the SSA withheld for attorney compensation from the past-due benefits for Plaintiff and his children. (Seelig Affirmation ¶ 4.) In addition, Plaintiff's timely filed request is consistent with the Retainer Agreement, under which Seelig Law is entitled to 25% of the past-due benefits withheld for Plaintiff and any beneficiaries. (Retainer Agreement 1.) Seelig Law expended 37.4 hours for services at the district court level, (*see* Hours Chart, annexed to Seelig Affirmation as Ex. C, Docket Entry No. 28-3), which amounts to a *de facto* hourly rate of $1,000. The Court finds that the requested attorneys' fees are reasonable because (1) the amount requested does not exceed the statutory 25% cap, (2) there is no evidence of fraud

5

or overreaching in the making of the agreement, and (3) in light of the factors set forth in *Fields*, discussed below, the fees requested do not constitute a windfall.

The Seelig Law attorneys that litigated Plaintiff's case have demonstrated experience and expertise in social security cases. Richard B. Seelig, partner and supervising attorney for this action, has "practiced social security/disability law" for over a decade and taught continuing legal education courses on social security disability law. (Seelig Affirmation ¶¶ 1, 7, 11.) *See Henrich*, 2024 WL 4043681, at *3 (finding that the plaintiff's attorneys had "extensive experience in Social Security disabilities representation" where they had worked for approximately ten years and handled "thousands of administrative hearings and federal appeals"). Associate Beret L. Flom, a practicing attorney for over ten years, "conducted the majority of the work on this federal appeal," has obtained remands in the "vast majority" of social security appeals she has handled since joining Seelig Law, and focuses on social security cases in her current practice. (Seelig Affirmation ¶¶ 7–10; Pl.'s Mem. 7–8.) *See Herr ex rel. Carolyn G. v. Comm'r of Soc. Sec.*, No. 19-CV-8155, 2022 WL 1206722, at *3 (W.D.N.Y. Apr. 22, 2022) (granting attorneys' fees where "counsel ha[d] appeared in numerous Social Security appeals and ha[d] [therefore] developed an expertise"). Compared to the attorneys in *Fields*, who the Second Circuit concluded were "especially efficient" in "review[ing] the 863-page administrative record in its entirety, draft[ing] a highly detailed 19-page memorandum of law, and successfully negotiat[ing] a stipulated remand with the government lawyers" in a combined 25.8 hours, *Fields*, 24 F.4th at 854, Seelig and Flom expended a combined 28.7 hours reviewing the 509 page administrative record, (*see* Administrative Transcript, Docket Entry No. 11), drafting a 26-page opening brief, (*see* Pl.'s Mot. for J. on the Pleadings), and preparing a 10-page reply brief, (*see* Pl.'s Reply in Supp. of Pl.'s Mot. for J. on the Pleadings, Docket Entry No. 20). Seelig and Flom's remaining 8.7 hours were reasonably spent "preparing and filing the

6

complaint, proposed summons, civil cover sheet, and redacted exhibits," reviewing docketed materials, and coordinating with the Government on this litigation. (Pl.'s Mem. 9; Hours Chart.)

Seelig Law has represented Plaintiff since July of 2020, (Retainer Agreement 1), and achieved a successful outcome that was by no means "certain." *Fields*, 24 F.4th at 855. SSA denied Plaintiff's benefits application twice as well as his appeal for administrative review before Plaintiff retained Seelig Law. *Capuano*, 665 F. Supp. 3d at 315–16; *see Fields*, 24 F.4th at 855 ("Lawyers who operate on contingency — even the very best ones — lose a significant number of their cases and receive no compensation when they do."). With Seelig Law's efforts, the Court vacated the denial of Plaintiff's benefits application and remanded the matter, *Capuano*, 665 F. Supp. 3d at 326, and Plaintiff subsequently secured over $190,000 in past-due benefits as well as entitlement to ongoing benefits, (Notices of Award 3–4, 8–9, 12–13; Pl.'s Mem. 2–3).

Moreover, Seelig Law's requested fee amount of $1,000 per hour is within the range of hourly rates that courts have approved in other section 406(b) cases. *See, e.g.*, *Bay v. Comm'r of Soc. Sec.*, No. 20-CV-9774, 2025 WL 437698, at *1 (S.D.N.Y. Feb. 6, 2025) (explaining the *de facto* hourly rate of $1,861 "not unreasonable given the contingency arrangement" and that it was "in line with amounts that courts have found reasonable"); *Paul F. v. Comm'r of Soc. Sec.*, No. 23-CV-6261, 2025 WL 19981, at *4 (W.D.N.Y. Jan. 2, 2025) (finding the *de facto* hourly rate of $1,000 did not constitute a windfall because counsel obtained a favor result, the rate was within the range approved by other courts, and counsel litigated on contingency basis); *Henrich*, 2024 WL 4043681, at *2 (finding that an effective hourly rate of $945.27 for 47.8 hours of work was "well 'within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit'" (citation omitted)); *Duncan*, 2024 WL 3594667, at *1 (finding that the *de facto* hourly rate of $2,458.56 was reasonable even though it was "on the

7

higher end" of hourly rates typically awarded because "it would be 'foolish to punish a firm for its efficiency'" (quoting *Fields*, 24 F.4th at 854)); *Valle v. Colvin*, No. 13-CV-2876, 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (finding that an hourly rate of approximately $1,079.72 was "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit" (citations omitted)); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637–38 (S.D.N.Y. 2018) (collecting cases finding that *de facto* hourly rates between $2,100 and $1,072.17 were reasonable).

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for attorneys' fees in the amount of $37,400, payable to Seelig Law Offices, LLC. The Commissioner is directed to release $37,400 to Seelig Law from Plaintiff's withheld past-due benefits in accordance with agency policy. If Seelig Law has not already refunded to Plaintiff the $8,053.75 in EAJA fees previously awarded, (*see* Stipulation & Order dated June 30, 2023), Seelig Law is directed to do so within fourteen days of this Order.

Dated: April 23, 2025
      Brooklyn, New York

SO ORDERED:

    /s/MKB
MARGO K. BRODIE
United States District Judge